UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL NURSES UNITED, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendants*. | Civil Action No. 1:25-cv-1538-TNM |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION
OF THE ADMINISTRATIVE RECORD**

Nearly two months ago, Plaintiffs—a group of labor unions, nonprofit organizations, and manufacturers that rely on the work of the National Institute for Occupational Safety and Health (NIOSH)—filed a First Amended Complaint challenging the actions of Defendants U.S. Department of Health and Human Services and Secretary of Health and Human Services Robert F. Kennedy Jr. in suspending critical NIOSH operations necessary to fulfill various statutory mandates. As the First Amended Complaint explains, the challenged actions jeopardize the safety and health of American workers in some of the highest-risk occupations, and the consequences mount with every additional day that NIOSH's lifesaving research remains stalled.

On August 20, Defendants moved to dismiss the First Amended Complaint. Under Local Civil Rule 7(n), Defendants were required to file a certified list of the contents of the administrative record concurrently with the motion. They did not. Given the urgency of restoring NIOSH's functions, Plaintiffs hope to move this case toward final judgment expeditiously by filing a motion for summary judgment on their claims, including their claims under the Administrative Procedure

1

Act (APA) that Defendants' actions were arbitrary and capricious. Plaintiffs cannot do so, however, without the administrative record. This Court should compel Defendants to comply with Rule 7(n) and order them to produce the administrative record promptly.[1]

## ARGUMENT

Rule 7(n) provides that, absent an order of the court, "[i]n cases involving the judicial review of administrative agency actions, … the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." Accordingly, when Defendants filed a motion to dismiss on August 20, they were required to identify the contents of the administrative record as well. Because they did not, this Court should compel them to do so promptly.

Plaintiffs wish to move for summary judgment as quickly as possible. The First Amended Complaint alleges (among other things) that Defendants acted arbitrarily and capriciously by terminating lifesaving, statutorily mandated occupational safety and health research that certain NIOSH offices perform to protect workers in some of the riskiest industries. *See* ECF 26 ¶¶ 41–67. By early May, nearly all employees at these offices had received notices of a reduction in force and been placed on administrative leave. *Id*. ¶¶ 42, 44, 48, 59–60. Meanwhile, vital research has been discontinued, investigations into hazardous worksites have been canceled, and new technologies that have the potential to save the lives of mineworkers, firefighters, and others are going untested. *Id*. ¶¶ 43, 47, 57–59, 74–75. The longer the delay in moving this case forward, the more unnecessary risk America's workers will shoulder, the more expertise and continuity within

---

[1] Undersigned counsel conferred with counsel for Defendants prior to filing this motion, as required by Local Civil Rule 7(m). Counsel for Defendants indicated that the motion is opposed.

2

the agency will be lost, and the more difficult it will be for Defendants to undo the actions they have taken.

Before Plaintiffs can move for summary judgment on their claims that Defendants' actions are arbitrary and capricious, however, Defendants must produce the administrative record. *See, e.g.*, *Vassiliades v. Rubio*, 2025 WL 1905654, at *12 (D.D.C. July 10, 2025) (ruling that, because the defendants had not produced the administrative record, the court could not evaluate whether agency action was arbitrary and capricious); *Narragansett Ind. Tribe ex rel. Narragansett Ind. Tribal Historic Preservation Off. v. Nason*, 2020 WL 4201633, at *4 (D.D.C. July 22, 2020) (denying motion to dismiss because "Defendant's arguments about the highly deferential review of agency action under the APA, while correct, are premature given that the Court does not have the administrative record"); *Hamal v. DHS*, 2020 WL 2934954, at *4 (D.D.C. June 3, 2020) (denying motion to dismiss because, "without fully reviewing the entire administrative record, it would be premature to declare that the agency acted reasonably"); *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010) (denying motion to dismiss and compelling production of the administrative record because, "[w]ithout the administrative record, the court is unable" to perform arbitrary-and-capricious review). Compliance with Rule 7(n) is thus necessary to prevent prejudice to Plaintiffs and ongoing, potentially irreparable harm to the vital public health and safety interests that they seek to vindicate.

Defendants contend in their motion to dismiss that production of the administrative record is unnecessary because their pending motion relies wholly on the allegations in the First Amended Complaint and "facts upon which the Court may take judicial notice." ECF 31 at 44. But resolving a Rule 12(b)(6) motion to dismiss typically does not involve consideration of matters outside the complaint's allegations. Accepting Defendants' argument, therefore, would make compliance with

3

Rule 7(n) optional in the lion's share of cases to which, by its plain language, it applies. Although Defendants cite four cases in which the court has excused noncompliance with Rule 7(n), three of them include no discussion of the plaintiff's interest in compliance or whether the plaintiff, like Plaintiffs here, would be prejudiced absent the administrative record. *See Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018); *Mdewakanton Sioux Inds. of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014). Indeed, in one of the cases, the plaintiffs had moved for summary judgment without having received the administrative record, stating that "no administrative record [was] needed to resolve" the issues. First Joint Status Report, *Connecticut v. U.S. Dep't of Interior*, No. 1:17-cv-2564, ECF 41 at 3 (D.D.C.) (filed June 18, 2018). In the fourth case, the plaintiff did not seek compliance with Rule 7(n) but instead argued that the defendant's noncompliance required the court to strike the defendant's motion to dismiss. *Carroll v. Off. of Fed. Contract Compliance Progs.*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017). Plaintiffs here do not seek to strike Defendants' motion; they ask only that this Court compel compliance with its rules.

Despite Defendants' argument to the contrary, *see* ECF 31 at 44–45, it is irrelevant that Defendants contend that this Court lacks subject-matter jurisdiction over this case. As an initial matter, Defendants' jurisdictional arguments are meritless, as Plaintiffs will demonstrate in their forthcoming opposition to Defendants' motion to dismiss. Even setting that point aside, however, this Court need not evaluate subject-matter jurisdiction prior to demanding compliance with its procedural rules. While the issue of jurisdiction is "always … antecedent" to "any *merits* inquiry," requiring Defendants to identify the contents of the administrative record would not require this Court to "perform a law-declaring function in a controversy." *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) (emphasis added; citation omitted). Rather, Plaintiffs ask this Court to

4

exercise its inherent authority to manage proceedings in a case before it. *See Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) (observing that "[t]he interest in having rules of procedure obeyed … does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction" and that "there is no constitutional infirmity under Article III in requiring those practicing before the courts to conduct themselves in compliance with the applicable procedural rules," even where subject-matter jurisdiction is contested).

Ultimately, Defendants fail to show that this case merits an exception to the procedural rules that typically govern cases seeking review of agency action. If anything, the pressing need for expeditiousness in this case—which presents matters of urgent practical concern to Plaintiffs and to vulnerable workers throughout America—makes Defendants' prompt compliance with Rule 7(n) particularly important here.

## CONCLUSION

This Court should issue an order requiring Defendants to comply with Rule 7(n) and setting a prompt deadline for compliance.

Dated: August 27, 2025                                          Respectfully submitted,

                                                                /s/ Nicolas Sansone
Matthew Ginsburg (DC Bar No. 1001159)                           Nicolas Sansone (DC Bar No. 1686810)
Craig Becker (DC Bar No. 371239)                                Allison M. Zieve (DC Bar No. 424786)
Maneesh Sharma (DC Bar No. 1033407)                             Stephanie Garlock (DC Bar No. 1779629)
Bart Sheard (DC Bar No. 1542094)                                Public Citizen Litigation Group
AFL-CIO                                                         1600 20th Street NW
815 Black Lives Matter Plaza NW                                 Washington, DC 20009
Washington, DC 20006                                            (202) 588-1000
(202) 637-5310

                                                                *Counsel for Plaintiffs*

*Counsel for Plaintiff AFL-CIO*