UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL NURSES UNITED, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT F. KENNEDY, JR., Secretary of Health and Human Services, et al.,<br><br>    Defendants. | Civil Action No. 25-1538 (TNM) |

**COMBINED [1] MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD; AND
[2] REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM LOCAL RULE 7(N)(1)'S REQUIREMENTS**

Defendants Robert F. Kennedy, Jr. in his official capacity as Secretary of Health and Human Services (the "Secretary") and the Department of Health and Human Services ("HHS" or the "Department") respectfully file this combined memorandum in opposition to Plaintiffs' motion to compel production of the administrative record (ECF No. 32, "Compel Motion") and reply in further support of their motion for relief from Local 7(n)'s requirements (ECF No. 31, "Relief Motion"). For the reasons stated below and in the Relief Motion, the Court should deny the Compel Motion, grant Defendants' Relief Motion, and relieve Defendants of their Local Civil Rule 7(n) obligations pending the Court's resolution of Defendants' pending motion to dismiss Plaintiffs' Amended Complaint in full.

## ARGUMENT

First, Plaintiffs suggest Defendants violated Local Civil Rule 7(n) by failing to produce an administrative record simultaneously with their motion to dismiss. Compel Mot. (ECF No. 32)

at 1-2.[1] Defendants, however, merely abided by this Court's Standing Order. Paragraph 13(B) of the Court's Standing Order states, "If the Government is filing a motion to dismiss, and believes that the LCvR 7(n) requirement to 'file a certified list of the contents of the administrative record . . . simultaneously' would not be helpful to the resolution of the case, the Government must file—simultaneously with the motion to dismiss—a motion asking the Court to excuse the agency from the requirements of LCvR 7(n)." Standing Order (ECF No. 10) at 6. Defendants did exactly that when they moved to dismiss Plaintiffs' Amended Complaint on August 20, 2025. Relief Mot. (ECF No. 31).

Second, Plaintiffs fail to demonstrate that any expedited briefing of the merits is necessary here to justify production of the administrative record before the Court rules on Defendants' pending motion to dismiss. *See* Compel Mot. (ECF No. 32) at 2-3. As noted in Defendants' motion to dismiss, further implementation of the reductions in force has been enjoined with respect to the National Institute for Occupational Safety and Health ("NIOSH"), whose status is the subject of their Administrative Procedure Act ("APA") challenge in their Amended Complaint. *See New York v. Kennedy*, --- F. Supp. 3d ---, 2025 WL 1803260 (D.R.I. July 1, 2025); Order at 3, *New York v. Kennedy*, Civ. A. No. 25-196 (D.R.I. Aug. 12, 2025), ECF No. 89; *New York v. Kennedy*, No. 25-1780 (1st Cir.) (emergency motion to stay preliminary injunction pending).

On the other end of the scale, however, Defendants have raised subject matter jurisdiction and other threshold arguments in their Motion to Dismiss that if the Court were to adopt, would obviate any need to engage in briefing on the merits of Plaintiffs' APA challenge to the status of NIOSH. *See* Mot. to Dismiss (ECF No. 31). The Court has an obligation to consider jurisdictional arguments before reaching any merits issues. *See Talal Al-Zahrani v. Rodriguez*, 669 F.3d 315,

---

[1] All citations are to the ECF-generated page numbers.

318 (D.C. Cir. 2012). And contrary to Plaintiffs' suggestion otherwise, Compel Mot. (ECF No. 32) at 3-4, in making such jurisdictional and threshold arguments, Defendants have relied entirely on allegations in the Amended Complaint or facts upon which the Court may take judicial notice to support both their 12(b)(1) and Rule 12(b)(6) arguments as is permitted under both rules. *See Vico Prods. Co. v. Nat'l Lab. Rels. Bd.*, 333 F.3d 198, 198 (D.C. Cir. 2003); *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017). As a result, there is no basis for the Court to compel production of the administrative record to consider and decide Defendants' motion to dismiss.

Notably, Plaintiffs themselves did not need an administrative record to oppose Defendants' motion to dismiss. *See* Opp'n to Mot. to Dismiss (ECF No. 33). And the judicial economy to be served from granting Defendants relief is accentuated by the fact that Plaintiffs' allegations are nearly substantively identical to those in *Association for Education Finance & Policy ("AEFP") v. McMahon*, --- F. Supp. 3d ---, 2025 WL 1568301, at *1 (D.D.C. June 3, 2025), in which this Court already found such claims were not appropriate for judicial review under the APA. *See* Mot. to Dismiss (ECF No. 31) at 44-48. Thus, for these reasons, it would be an inefficient use of resources for Defendants to produce an administrative record and for the parties to brief the merits of Plaintiffs' APA challenges where Defendants have raised dispositive jurisdictional and other threshold arguments that could very well obviate any further merits briefing.

Finally, Plaintiffs' attempt to differentiate Defendants' cases fall flat. *See* Compel Mot. (ECF No. 32) at 4. Ultimately, these cases show that the Court need not review an administrative record where dismissal of the complaint is appropriate without reviewing one. *See, e.g.*, *Connecticut v. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (granting motion to waive compliance with Local Civil Rule 7(n) because the Court did not need to consider the administrative record in evaluating the motions before it); *Mdewakanton Sioux Indians of Minn.*

*v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) (same); *Carroll v. Office of Fed. Contract Compliance Programs*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving Local Civil Rule 7(n) compliance and dismissing complaint). That is the case here. Given other current litigation regarding NIOSH and the significant judicial economy to be gained from first deciding Defendants' motion to dismiss, compelling an administrative record is not warranted at this stage of the litigation.

## CONCLUSION

For these reasons and those stated in Defendants' Relief Motion, the Court should deny Plaintiffs' Compel Motion, grant Defendants' Relief Motion, and relieve Defendants of their obligation to file a certified list of the administrative record and serve the administrative record pending the Court's decision on Defendants' Motion to Dismiss.

Dated: September 10, 2025                Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division


By:  /s/ Erika Oblea
ERIKA OBLEA, D.C. Bar #1034393
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2567
Erika.Oblea@usdoj.gov

*Attorneys for the United States of America*