UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL NURSES UNITED, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendants*. | Civil Action No. 1:25-cv-1538-TNM |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD**

Local Civil Rule 7(n) creates a default requirement that government defendants in an Administrative Procedure Act (APA) case must file a certified list of the contents of the administrative record contemporaneously with a pre-answer dispositive motion. Defendants Robert F. Kennedy Jr. and the U.S. Department of Health and Human Services have not done so. Although they argue that they should be excused from this requirement, Defendants have not demonstrated any special circumstances that merit an exception and have not rebutted Plaintiffs' explanation as to how further delay in producing the administrative record will prejudice Plaintiffs' ability to move promptly for summary judgment. Moreover, as Plaintiffs have explained, every day of added delay further compromises the safety and health of vulnerable American workers who depend on the lifesaving work of the National Institute for Occupational Safety and Health (NIOSH). This Court should grant Plaintiffs' motion to compel compliance with Rule 7(n) and set a date certain by which Defendants must produce the administrative record.

**ARGUMENT**

Defendants argue that they merit an exception to Rule 7(n) because they have filed a motion to dismiss that "relie[s] entirely on allegations in the [operative] [c]omplaint or facts upon which the Court may take judicial notice." ECF 36 (Defs.' Opp.) at 3. This argument fails to set Defendants' motion apart from the mine run of motions to dismiss. Embracing the argument would thus render noncompliance with Rule 7(n) the norm rather than the exception.

The same reasoning applies to Defendants' argument that their motion raises "threshold arguments" that, if accepted, "would obviate any need to engage in [further] briefing on the merits of Plaintiffs' APA challenge[s]." *Id.* at 2. Any dispositive motion obviates further proceedings if granted. On a motion to dismiss, moreover, the underlying merits of a plaintiff's APA claims are assessed for plausibility based on the complaint's allegations. *See, e.g.*, *Pietersen v. U.S. Dep't of State*, 138 F.4th 552, 558 (D.C. Cir. 2025). In that sense, virtually every argument made in virtually every motion to dismiss—whether "threshold," Defs.' Opp. 2, or otherwise—can be resolved without consulting the administrative record. Rule 7(n) nonetheless requires a certified list of the contents of the administrative record to accompany such a motion.

Insofar as Defendants suggest that their challenges to this Court's subject-matter jurisdiction create a special impediment to the production of the administrative record, Defendants are wrong. Defendants have not disputed—and could not credibly dispute—that this Court has jurisdiction to compel compliance with Rule 7(n) irrespective of whether it later determines that it has jurisdiction to rule on the case's merits. *See* ECF 32 at 4–5. Further, Plaintiffs have explained why Defendants' jurisdictional arguments are meritless. *See* ECF 33 at 10–26; *see also id.* at 29–31 (explaining why, contrary to Defendants' representation, this case is not "substantively

2

identical," Defs.' Opp. 3, to *Association for Education Finance & Policy, Inc. v. McMahon*, — F. Supp. 3d —, 2025 WL 1568301 (D.D.C. June 3, 2025)).

Beyond failing to demonstrate special circumstances that merit an exception to Rule 7(n), Defendants disregard the prejudice that their noncompliance works on Plaintiffs. As Plaintiffs have explained, ECF 32 at 2–3, they wish to move for summary judgment as soon as possible. The challenged agency actions here have caused the cessation of urgently needed research that would protect the safety and health of Plaintiffs' members, many of whom work in high-risk occupations where they are exposed to dangerous chemicals, biohazards, and other serious threats. *See* ECF 26 ¶¶ 43, 47, 57, 59, 69–72, 77–80, 84. Defendants' actions have also caused the cessation of ongoing evaluations of specific worksites that Plaintiffs have identified as potentially hazardous. *See id.* ¶¶ 73–76. Defendants do not dispute that Plaintiffs cannot prepare an effective summary judgment motion on their APA claims without the administrative record. Nor do Defendants dispute that the longer NIOSH's work is interrupted, the harder it will be to rebuild its capacity, restore its functions, and grant Plaintiffs effective relief in the event that Plaintiffs prevail here.

Defendants minimize Plaintiffs' need for expeditiousness by observing that a district court in Rhode Island has preliminarily enjoined the reductions in force (RIFs) that Defendants have ordered at NIOSH. *See* Defs.' Opp. 2 (citing *New York v. Kennedy*, — F. Supp. 3d —, 2025 WL 1803260, at *21 (D.R.I. July 1, 2025)). Defendants note, however, that they have asked the First Circuit to stay this injunction. *See id.* More fundamentally, the injunction does not redress the ongoing harms that Plaintiffs seek to mitigate by moving promptly for summary judgment. Although the injunction bars Defendants from terminating the NIOSH employees who are subject to the RIFs, the vast majority of those employees have been on administrative leave for months and have not been performing their work functions notwithstanding the injunction. ECF 26 ¶ 40;

*see New York*, 2025 WL 1803260, at *21 (enjoining Defendants from placing "*additional* employees" on administrative leave (emphasis added)).

Thus, Defendants do not contend that the injunction has resulted in the resumption of the NIOSH functions that Plaintiffs' operative complaint alleges to have been terminated. And public reporting confirms that critical work at NIOSH remains entirely stalled. *See, e.g.*, Sharon Lerner, *RFK Jr. Vowed to Find the Environmental Causes of Autism. Then He Shut Down Research Trying to Do Just That*, ProPublica (Aug. 20, 2025)[1] (describing the closure of NIOSH's Health Effects Laboratory Division and termination of its research functions). Meanwhile, the agency continues to lose expertise as employees, unable to utilize their training and skills, move on to other opportunities and are not replaced. *See, e.g.*, Dave Lawler, *Bonfire of Expertise: Trump Drives Scientists, Spies and Soldiers Out of Government*, Axios (Aug. 30, 2025)[2] (observing that about 3,000 staff members at the Centers for Disease Control and Prevention, which houses NIOSH, have departed since January); *cf.* Presidential Memorandum, *Ensuring Accountability and Prioritizing Public Safety in Federal Hiring* (July 7, 2025)[3] (extending the federal hiring freeze that has been in place since January 20, 2025, until October 15). And the resulting human toll continues to mount all the while. *See, e.g.*, Elaine Tassy, *OSHA Investigating Death of 6 Workers at Dairy Farm Near Keenesburg*, Colo. Pub. Radio News (Aug. 28, 2025)[4] (explaining the necessary role that closed NIOSH divisions would have played in investigating the deaths of six agricultural workers who may have been killed by exposure to hydrogen sulfide); Larry Adams,

---

[1] https://www.propublica.org/article/rfk-jr-autism-environment-research-funding.
[2] https://www.axios.com/2025/08/30/trump-government-brain-drain-cdc-pentagon-intel.
[3] https://www.whitehouse.gov/presidential-actions/2025/07/ensuring-accountability-and-prioritizing-public-safety-in-federal-hiring.
[4] https://www.cpr.org/2025/08/28/osha-investigating-6-deaths-at-colorado-dairy.

*DOGE Takes Axe to Engineered Stone Research*, Woodworking Network (May 9, 2025)[5] (describing the cessation of research aimed at addressing "a spike in lung disease" among workers in the countertop industry who are routinely exposed to silica dust).

Finally, although Defendants point to cases in which courts have waived Rule 7(n)'s requirements, *see* Defs.' Opp. 3–4, Defendants ignore that those cases did not expressly confront circumstances in which delay would be prejudicial, *see* ECF 32 at 4. Unlike in those cases, then, Defendants' noncompliance with Rule 7(n) should not be excused.

## CONCLUSION

This Court should grant Plaintiffs' motion to compel production of the administrative record and set a date certain by which Defendants must comply.

Dated: September 17, 2025

Matthew Ginsburg (DC Bar No. 1001159)
Craig Becker (DC Bar No. 371239)
Maneesh Sharma (DC Bar No. 1033407)
Bart Sheard (DC Bar No. 1542094)
AFL-CIO
815 Black Lives Matter Plaza NW
Washington, DC 20006
(202) 637-5310

*Counsel for Plaintiff AFL-CIO*

Respectfully submitted,

/s/ Nicolas Sansone
Nicolas Sansone (DC Bar No. 1686810)
Stephanie Garlock (DC Bar No. 1779629)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

---

[5] https://www.woodworkingnetwork.com/news/woodworking-industry-news/doge-takes-axe-engineered-stone-research.

5