UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL NURSES UNITED, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>*Defendants*. | Civil Action No. 1:25-cv-1538-TNM |

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

This action challenges Defendants' shutdown of certain components of the National Institute for Occupational Safety and Health (NIOSH) and the consequent cessation of the functions that those components performed. On January 13, 2026, public reporting indicated that the government has begun taking steps to restore NIOSH offices and resume their operations. Because these factual developments may result in complete relief for Plaintiffs and obviate the need for this Court to rule on pending motions in this case, Plaintiffs move this Court to hold the case in abeyance and require the parties to submit a status report in sixty days to inform the Court of NIOSH's current status and to outline the parties' proposals for further proceedings.[1]

**1.** Plaintiffs—a group of labor unions, nonprofit organizations, and manufacturers that rely on NIOSH's work—filed this lawsuit for injunctive relief against Defendants Robert F. Kennedy

---

[1] Undersigned counsel conferred with counsel for Defendants prior to filing this motion, as required by Local Civil Rule 7(m). Counsel for Defendants indicated that Defendants consent to a sixty-day stay, at the end of which the parties will report their respective proposals for further proceedings.

Jr., in his official capacity as Secretary of Health and Human Services, and the U.S. Department of Health and Human Services to challenge Defendants' actions shutting down critical components of NIOSH and rendering the agency incapable of fulfilling its statutory duties. *See* ECF 1; ECF 26. On August 20, 2025, Defendants moved to dismiss and for relief from Local Civil Rule 7(n)'s requirements with respect to compiling the administrative record. ECF 31. Shortly after, Plaintiffs moved to compel production of the administrative record. ECF 32. The motions are fully briefed and pending before the Court.

On January 13, 2026, public reporting revealed that Defendants have reversed staffing cuts at NIOSH and will be reinstating hundreds of employees to the agency. *See* Josh Eidelson, *US Reverses Deep Cuts to Safety Agency NIOSH, Reinstating Hundreds*, Bloomberg (Jan. 13, 2026).[2] Plaintiffs understand that these developments may lead to the restoration of the NIOSH components identified in Plaintiffs' operative complaint and the resumption of their work.

**2.** Determining whether to hold a case in abeyance is "a matter of discretion" that requires the Court to "balance the interest in judicial economy against any potential prejudice to the parties." *Nat'l Hydropower Ass'n v. U.S. Fish & Wildlife Serv.*, 2025 WL 1555156, at *2 (D.D.C. June 2, 2025). Here, the balance tilts strongly in favor of holding this case in abeyance.

The parties' pending motions present numerous legal issues, resolution of which may be unnecessary if Defendants' actions in resuming NIOSH's operations ultimately afford Plaintiffs all the relief they seek from this Court. Meanwhile, all parties consent to holding this case in abeyance for at least sixty days while factual circumstances unfold. Although Plaintiffs have previously emphasized the urgency of restoring NIOSH's statutory functions, *see, e.g.*, ECF 29 at 2–4; ECF 35 at 2–3, any risk of prejudice created by holding this case in abeyance can be mitigated

---

[2] https://tinyurl.com/v4xzrh7c.

by requiring a status report within sixty days as to Defendants' progress in restoring NIOSH's operations.

## CONCLUSION

This Court should grant Plaintiffs' unopposed motion and enter an order holding this case in abeyance and directing the parties to submit a joint status report within sixty days.

Dated: January 16, 2026

Matthew Ginsburg (DC Bar No. 1001159)
Maneesh Sharma (DC Bar No. 1033407)
Bart Sheard (DC Bar No. 1542094)
AFL-CIO
815 Black Lives Matter Plaza NW
Washington, DC 20006
(202) 637-5310

*Counsel for Plaintiff AFL-CIO*

Respectfully submitted,

/s/ Nicolas Sansone
Nicolas Sansone (DC Bar No. 1686810)
Stephanie Garlock (DC Bar No. 1779629)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for All Plaintiffs*